UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TONI COLLINS, o/b/o
L.R.

      Plaintiff,

v.                                    Case No.:  8:22-cv-2404-DNF

COMMISSIONER OF SOCIAL
SECURITY,

      Defendant.
_____

# OPINION AND ORDER

Plaintiff Toni Collins on behalf of L.R. ("Child") seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying her claim on behalf of L.R. for supplemental security income benefits. The Commissioner filed the Transcript of the proceedings ("Tr." followed by the appropriate page number), and the parties filed legal memoranda setting forth their positions. As explained below, the decision of the Commissioner is **AFFIRMED** under § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

## I.    Standard of Review, Procedural History, and the ALJ's Decision

### A.    Standard of Review

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence is more than a

scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion. Even if the evidence preponderated against the Commissioner's findings, we must affirm if the decision reached is supported by substantial evidence." *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004). In conducting this review, this Court may not reweigh the evidence or substitute its judgment for that of the ALJ, but must consider the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citation omitted); *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995); *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). Unlike findings of fact, the Commissioner's conclusions of law are not presumed valid and are reviewed under a de novo standard. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994); *Maldonado v. Comm'r of Soc. Sec.*, No. 20-14331, 2021 WL 2838362, at *2 (11th Cir. July 8, 2021); *Martin*, 894 F.2d at 1529. "The [Commissioner's] failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal." *Keeton*, 21 F.3d at 1066.

  The Social Security Act provides that an individual under the age of 18 will be considered disabled if he or she has a medically determinable physical or mental impairment that results in marked and severe functional limitations, and which can

be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months. 42 U.S.C. § 1382c(a)(3)(C)(i). Child disability claims are assessed under a three-step sequential analysis. 20 C.F.R. § 416.924(a). Under this evaluation process, the ALJ determines: (1) whether the child is engaging in substantial gainful activity; (2) whether the child's physical or mental impairment or combination of impairments are severe; and (3) whether an impairment or impairments meet, medically equal, or functionally equal the listings. *Id.*

A child's limitations meet a listing if the child actually suffers from the limitations in a listing. *Shinn ex rel. Shinn v. Comm'r of Soc. Sec.*, 391 F.3d 1276, 1279 (11th Cir. 2004). To medically equal a listing, the child's impairment must be at least of "'equal medical significance to those of a listed impairment.'" *Id.* (citing 20 C.F.R. § 416.926). Even if the ALJ finds a child's impairments are not comparable to a listing, the ALJ may still find that those limitations are "functionally equivalent" to those in a listing. *Id.* To determine whether a limitation is functionally equivalent, an ALJ assesses the degree to which these limitations interfere with a child's normal life activities in these six major domains of life: (1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating with others; (4) moving about and manipulating objects; (5) caring for oneself; and (6) health and physical well-being. *Id.* (citing 42 U.S.C. § 416.926a(b)(1).

To functionally equal a listing, an impairment must result in "marked" limitations in two of the six domains of functioning or an "extreme" limitation in one domain. 20 C.F.R. § 416.926a(a), (d). A "marked" limitation is defined as seriously interfering with a child's ability to independently initiate, sustain, or complete activities. 20 C.F.R. § 416.926a(e)(2)(i). A "marked" limitation also means a limitation that is "'more than moderate'" but "'less than extreme.'" *Id.* An "extreme" limitation means a child's impairment very seriously interferes with his or her ability to independently initiate, sustain, or complete activities. 20 C.F.R. § 416.926a(e)(3)(i). "Extreme" limitation also means a limitation that is "'more than marked'" and is given to the worst limitation. *Id.* In making all these determinations, the ALJ must evaluate the "whole child," meaning considering the child's functioning in all settings compared to other children of the same age who do not have impairments. SSR 09-1p, 2009 WL 396031.

When considering a child's limitations, the ALJ must evaluate any limitation in functioning that results from symptoms, including pain. 20 C.F.R. § 416.924(a). So along with considering the objective evidence, the ALJ must also consider a child's subjective complaints and if they can reasonably be accepted as consistent with the objective and other medical evidence. 20 C.F.R. § 416.929(a). Generally, a claimant may establish that he is disabled through his own testimony of pain or other subjective symptoms. *Ross v. Comm'r of Soc. Sec.*, 794 F. App'x 858, 867 (11th Cir.

2019) (citing *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005)). In such a case, a claimant must establish:

> "(1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (3) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain."

*Id.* (quoting *Dyer*, 395 F.3d at 1210).

When evaluating a claimant's testimony, the ALJ should consider: (1) the claimant's daily activities; (2) the location, duration, frequency, and intensity of the claimant's pain or other symptoms; (3) precipitating and aggravating factors; (4) the type, dosage, effectiveness, and side effects of any medication to alleviate pain or other symptoms; (5) treatment other than medication for relief of pain or other symptoms; (6) any measures a claimant uses to relieve pain or other symptoms; and (7) other factors concerning a claimant's functional limitations and restrictions due to pain or other symptoms. 20 C.F.R. § 416.929(c)(3); *Ross v. Comm'r of Soc. Sec.*, 794 F. App'x 858, 867 (11th Cir. 2019).

The ALJ should consider these factors along with all the evidence of record. *Ross*, 794 F. App'x 867. If the ALJ discredits this testimony, then the ALJ "'must clearly articulate explicit and adequate reasons for' doing so." *Id.* (quoting *Dyer*, 395 F.3d at 1210). The ALJ may consider the consistency of the claimant's statements along with the rest of the record to reach this determination. *Id.* Such findings "'are

the province of the ALJ,' and we will 'not disturb a clearly articulated credibility finding supported by substantial evidence.'" *Id.* (quoting *Mitchell v. Comm'r of Soc. Sec.*, 771 F.3d 780, 782 (11th Cir. 2014)). A decision will be affirmed as long as the decision is not a "broad rejection which is not enough to enable [a reviewing court] to conclude that the ALJ considered [the claimant's] medical condition as a whole." *Dyer*, 395 F.3d at 1211 (quotation and brackets omitted).

### B.     Procedural History

Plaintiff applied for supplemental security income benefits on behalf of L.R. on August 17, 2020, alleging disability beginning on August 18, 2019. (Tr. 107, 236-46). The application was denied initially and on reconsideration. (Tr. 107, 122). Plaintiff requested a hearing and on January 11, 2022, a hearing was held before Administrative Law Judge ("ALJ") R. Dirk Selland. (Tr. 36-67). On January 28, 2022, the ALJ entered a decision finding the Child had not been disabled since August 17, 2020, the date the application was filed. (Tr. 17-30).

Plaintiff requested review of the hearing decision, but the Appeals Council denied Plaintiff's request on August 16, 2022. (Tr. 1-6). Plaintiff began this action by Complaint (Doc. 1) filed on October 20, 2022, and the case is ripe for review. The parties consented to proceed before a United States Magistrate Judge for all proceedings. (Doc. 15).

## C. Summary of ALJ's Decision

In the decision, the ALJ determined that the Child was born in January 2006, was an adolescent on August 17, 2020 – the date the application was filed, and was an adolescent on the date of the decision. (Tr. 20). The ALJ also determined that the Child had not engaged in substantial gainful activity since August 17, 2020, the application date. (Tr. 20). The ALJ found the Child had the severe impairments of: asthma, obesity, attention deficit hyperactivity disorder, impulse control disorder, and specific learning disorder with impairments in Reading, Math, and Written Expression. (Tr. 20). He then determined that the Child did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 416.924, 416.925, and 416.926). (Tr. 20). The ALJ also found that the Child did not have any impairment or combination of impairments that functionally equals the severity of the listings. (Tr. 21). In making this finding and after considering all the evidence of record, the ALJ determined that the Child had: a marked limitation in acquiring and using information; less than marked limitations in attending and completing tasks, in interacting and relating with others, and in health and physical well-being; and no limitations in moving about and manipulating objects, and in the

ability to care for himself. (Tr. 24-30). The ALJ concluded that the Child had not been disabled since August 17, 2020, the date the application was filed. (Tr. 30).

## II.    Analysis

On appeal, Plaintiff argues that the ALJ erred in the evaluation of the severity of the Child's ability in one functional equivalence domain: to attend to and complete tasks.[1] (Doc. 18, p. 7). In support, Plaintiff contends that the ALJ improperly relied on State agency medical advisors' opinions that found the Child had less than marked limitations in this functional equivalence domain. (Doc. 18, p. 8). Instead, Plaintiff argues that the ALJ should have relied on a November 7, 2020 evaluation conducted by Shelley Ochs, Psy.D., which showed the Child's processing speed was extremely low and was very weak for his age. (Doc. 18, p. 7-8; Tr. 467). Dr. Ochs explained that low processing speed scores may occur for many reasons, including visual discrimination problems, distractibility, slowed decision making, motor difficulties, or generally slow cognitive speed. (Tr. 467). Dr. Ochs concluded that the Child's relatively slow processing speed may have inhibited his performance on tasks involving complex mental operations, such as visual spatial reasoning tasks. (Tr. 467).

---

[1] Plaintiff does not raise any issues about the ALJ's findings on other functional equivalence domains and has therefore waived any such issues on appeal. *See Simpson v. Comm'r of Soc. Sec.*, 423 F. App'x 882, 885 (11th Cir. 2011) (finding in a social security case, issues not raised before the district court are waived).

In the decision, the ALJ summarized Dr. Ochs findings. (Tr. 22). The ALJ noted that, among other things, Dr. Ochs found the Child had slow processing skills. (Tr. 22). The ALJ was persuaded by Dr. Ochs's opinion:

> Shelley Ochs, Psy.D., opined that there was strong support for the presence of Attention-Deficit Hyperactivity Disorder, Specific Learning Disorders, and Depressive Disorder. Dr. Ochs noted that the claimant exhibited major attention and learning problems, which impaired his functioning. The current test results were said to indicate an average general intelligence and very limited reading, math, and writing skills, far below his expected age and grade levels. The diagnostic impression was attention deficit hyperactivity disorder, combined presentation, specific learning disorder with impairment in Reading, Mathematics, and Written Expression, and depressive disorder, unspecified. (Exhibit B5F) I am persuaded by the opinion of Dr. Ochs, as she had the opportunity to evaluate the claimant and her findings are consistent with the record as well as prior testing.

(Tr. 23).

The ALJ also considered the State agency medical and psychological consultants assessments, who reviewed Dr. Ochs report:

> In determining the claimant's level of limitation in the six functional equivalence domains, I am generally persuaded by the assessments of the State agency medical and psychological consultants. After review of the record in December of 2020 and January of 2021, respectively, J. Patrick Peterson, Ph.D., and William Prather, M.D., opined the claimant has a less than marked limitation in the areas of acquiring and using information, attending and completing tasks, interacting and relating with others, and health and physical well-being with no limitation in the areas of moving about and manipulating objects and caring for yourself. (Exhibit B3A) Sharon Ames-Dennard, Ph.D., and Ira Pinnelas, M.D., later reviewed the file in April of 2021 and generally affirmed the assessment of Drs. Peterson and Prather with the caveat of a marked limitation in

> the area of acquiring and using information. (Exhibit B5A) Of note, the State agency medical and psychological consultants are licensed psychologists and/or physicians familiar with the evidentiary requirements of the Social Security Regulations and they provided detailed and persuasive rationales in support thereof, consistent with the clinical and objective findings discussed above at Exhibits B4F-B7F, the claimant's education records, and reports from teachers. Moreover, the record contains no persuasive, conflicting medical opinions nor does evidence received at the hearing level support greater limits. I concur with assessments of Drs. Ames-Dennard and Pinnelas, as they had the opportunity to review additional evidence. Accordingly, I find the claimant's impairments do not functionally equal the criteria of the Childhood Listing of Impairments.

(Tr. 23, 99, 114).

As to attending and competing tasks, the ALJ noted that during Dr. Ochs consultative examination, she posited that the Child had a diagnosis of attention deficit hyperactivity disorder by history. (Tr. 26). But also noted that the Child had not undergone treatment, been prescribed medication, or received special service or accommodations at school. (Tr. 26). The ALJ relied on the State agency medical and psychological consultants opinion that the Child had less than marked limitation in this functional equivalence domain based on their review of the record, and finding that the Child's difficulties in this area appear attributable to emotional/personality factors and perhaps exacerbated by side effects of his asthma medication. (Tr. 26). The ALJ also noted that the Child was deemed to have good potential for a positive response with appropriate adult intervention or redirection, or both. (Tr. 26). Thus,

the ALJ found that the Child had less than marked limitation in the area of attending and completing tasks. (Tr. 26).

Plaintiff also argues that the record includes two teacher questionnaires that show that the Child had obvious problems in acquiring and using information, in interacting and relating to others, and in all areas of attending and completing tasks. (Doc. 18, p. 8-9).[2] In the decision, the ALJ considered the Teacher Questionnaires that showed, among other things, the Child repeatedly skipped class and had missed over 30 classes since the school year began. (Tr. 22). While these questionnaires were evidence from nonmedical sources, the ALJ considered them when evaluating the record as a whole. *See* SSR 06-03P, 2006 WL 2329939 *2-4, 6.

In essence, Plaintiff invites the Court to reweigh the evidence, which it cannot do. A court may not decide the facts anew, reweigh the evidence, or substitute its judgment for that of the Commissioner. *Mitchell v. Comm'r, Soc. Sec. Admin.*, 771 F.3d 780, 782 (11th Cir. 2014). Even if the evidence preponderates against the Commissioner's decision, the Court must affirm if substantial evidence supports the Commissioner's decision. *Buckwalter v. Acting Comm'r of Soc. Sec.*, 5 F.4th 1315, 1320 (11th Cir. 2021). Here, the ALJ properly relied on the State agency medical

---

[2] Plaintiff raises the issue that the teacher questionnaires were dated January 2022, but the ALJ stated they were dated in January 2020. (Doc. 18, p.9; Tr. 22). As the Commissioner indicates, the ALJ noted that one of the questionnaires was completed by the Child's 9th grade Math teacher. (Doc. 22, p. 11; Tr. 22). Thus it appears that the ALJ considered the correct period of time and the incorrect date was, at most, a harmless error.

and psychological consultants' assessments especially given that they reviewed Dr. Ochs' evaluation in making their findings. While the record may contain some evidence to support Plaintiff's position, the issue is whether substantial evidence supports the ALJ's decision. It does. Therefore, remand is not warranted here.

## II.   Conclusion

For the reasons discussed above, the Court finds that the decision of the Commissioner is supported by substantial evidence and the Commissioner applied the correct legal standard. The decision of the Commissioner is **AFFIRMED**. The Clerk of Court is directed to enter judgment consistent with this opinion, terminate all deadlines, and close the case.

**DONE** and **ORDERED** in Fort Myers, Florida on February 16, 2024.

*[signature]*
DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties